IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Terri E. Legge, etc., | Case No. 3:08 CV 255 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | |
| | JUDGE JACK ZOUHARY |
| Nucor Steel Marion, Inc., | |
| Defendant / Third-Party Plaintiff, | |
| -vs- | |
| Pete Miller, Inc., et al., | |
| Third-Party Defendants. | |

**BACKGROUND**

The original Complaint in this matter was filed by the Estate of James R. Legge ("Estate") against Nucor Steel Marion, Inc. ("Nucor") on January 31, 2008 (Doc. No. 1). The accident upon which the Estate seeks to recover from Nucor occurred on the afternoon of July 25, 2007 (Doc. No. 1, ¶¶ 14-17). On that afternoon, the Complaint alleges Legge was working on an air conditioning unit on a walkway approximately 60 feet above the ground inside of Nucor's melt shop when his safety harness became entangled in the tracks of a Whiting 100/25 bridge crane (Doc. No. 1, ¶ 15). Legge died from injuries sustained from the entanglement with the crane (Doc. No. 1, ¶ 17). The Complaint asks for damages from Nucor on theories of negligence, wrongful death, frequenter, survival, and premises liability (Doc. No. 1).

Nucor, the sole Defendant against whom Plaintiff seeks to recover, filed a Third-Party Complaint against Pete Miller, Inc., Whiting Corporation ("Whiting"), and Konecranes America, Inc. (Doc. No. 17). This Third-Party Complaint seeks recovery against Whiting for an allegedly defective crane that was purchased from Whiting in 1992 (Doc. No. 17, ¶¶ 20-21). In particular, Nucor claims "Whiting Corporation is responsible for manufacturing cranes that abide by all industry safety standards and that do not contain manufacturing defects." (Doc. No. 17, ¶ 34). Whiting responded to the Third-Party Complaint by moving to dismiss it, pursuant to Federal Civil Rule 12(c), on the grounds that the applicable statute of repose bars Nucor's claim (Doc. No. 35).

This Court has diversity jurisdiction over the underlying case and this third-party action under 28 U.S.C. § 1332(a)(1).

**ARGUMENTS**

Nucor does not dispute that this action was brought after the ten year period provided for in the statutes of repose.[1] Rather, Nucor argues that these statutes do not apply (Doc. No. 44). Nucor first argues these statutes of repose do not apply to indemnification or contribution claims and, even if the statutes were to apply to such claims, in this particular case the claims are not barred because the crane was sold to a business where it "was used as a component in the production . . . of another product" thereby falling within a statutory exception. O.R.C. §§ 2305.10(C), 2125.02(D)(2)(a). As a final argument, Nucor suggests that "discovery in this case may show that Whiting made an express,

---

[1] There is some dispute whether the applicable statute of repose is O.R.C. § 2305.10(C) or O.R.C. § 2125.02(D)(2). There is no appreciable difference between the two, except the harm pled. O.R.C. § 2305.10(C) applies generally to products liability claims, whereas O.R.C. § 2125.02(D)(2) applies to wrongful death products liability claims. The period for each is ten years, each operates as a statute of repose, and, outside of the one difference noted above, each uses functionally identical language. The Court finds it unnecessary to decide which statute applies here, as either would lead to the same conclusion.

2

written warranty when it sold the crane to Nucor" (Doc. No. 44, pp. 6-7), and the statutes of repose each have an exception for situations where the supplier or manufacturer makes such a warranty. Therefore, Nucor claims Whiting's Motion is premature and would be more timely as a Federal Civil Rule 56 motion after the parties conduct discovery. Each argument is addressed below.

Nucor seeks to analogize the statutes of repose to statutes of limitation, citing various cases that deal exclusively with statutes of limitation (Doc. No. 44). A statute of repose is not the same as a statute of limitation. A statute of limitation terminates a valid claim, whereas a statute of repose prevents that claim from ever arising. For instance, if the statute of repose for products liability is ten years from the date of delivery of the product to the end user, and the injury occurs eleven years after the delivery, then the end user's products liability **claim will never arise**. This stands in contrast to a statute of limitation which does not begin to run **until the claim arises**. To treat a statute of repose as if it were a statute of limitation, as Nucor urges, would be to ignore this defining distinction and Ohio case law. *Groch v. Gen. Motors Corp.*, 117 Ohio St. 3d 192, 217 (2008) ("A statute of repose does not deny a remedy for a vested cause of action but, rather, bars the action before it ever arises.").

The plain language of the statutes of repose supports the conclusion they apply to all causes of action, including actions for indemnification and contribution. These statutes apply to causes of action "based upon"[2] or "involving"[3] a product liability claim. Indemnification and contribution are common law causes of action under Ohio law. *See Travelers Indem. Co. v. Trowbridge*, 41 Ohio St. 2d 11, 13-14 (1975). The statutes of repose affect indemnification and contribution claims just as they

---

[2] O.R.C. § 2305.10(C)(1).

[3] O.R.C. § 2125.02(D)(2).

3

affect a claim found in the underlying complaint. *See Groch*, 117 Ohio St. 3d at 238 (Pfeifer, J., dissenting) ("However, one of the actual effects of the statute of repose in this case is to allow an out-of-state manufacturer to escape liability. Meanwhile, Groch's Ohio employer, General Motors, remains completely liable and without any way to seek indemnification or contribution from the out-of-state manufacturer of the product that caused Groch's injuries.").

Nucor argues that the crane "was used as a component in the production, construction, creation, assembly, or rebuilding of another product" as envisioned by O.R.C. §§ 2305.10(C)(1), 2125.02(D)(2)(a) (Doc. No. 44). If Nucor is correct, then the statute of repose is inapplicable. O.R.C. §§ 2305.10(C), 2125.02(D)(2)(a) ("No cause of action . . . shall accrue . . . later than ten years from the date the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly or rebuilding of another product.") A component is a part, incorporated into a whole. *See Webster's Third New International Dictionary* 466 (1986) (defining "component" as "a constituent part" or "ingredient"). While a crane certainly assists Nucor in its business, it is a piece of equipment or a tool; it is not a part, element, or ingredient. This conclusion is clear from the plain meaning of the statutes and the common understanding of the term "component."

The warranty exception, or any facts providing even a hint of the applicability of such an exception, were never pled in Nucor's Third-Party Complaint. A Rule 12(c) adjudication looks only to the sufficiency of the pleadings. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings"); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 121 S. Ct. 2499, 2509 (2007) ("Courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents

4

incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007) (standard for adjudicating a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion.); *cf.* Fed. R. Civ. P. 12(d). Nucor raises in its opposition to Whiting's Motion the mere specter of a warranty exception which is nowhere pled in the Third-Party Complaint. Therefore, this Court will not consider it.

## CONCLUSION

Whiting's Motion for Judgment on the Pleadings is granted. Count Two of the Third-Party Complaint against Third-Party Defendant Whiting Corporation is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 25, 2008